JOHN BUTLER et. al., devisees *vs.* HESTER BUTLER, et. al. widow and heirs-at-law of John Butler and Jeremiah Allen, assignees.

A lost will cannot be admitted to probate, unless the entire contents can be so proved as to admit of a legal construction.

THIS was an appeal from the decree of the register of wills, refusing to admit to probate the will of John Butler, deceased.

The petition of John and William R. Butler stated that John Butler, their grandfather, made his will and by it devised certain lands, &c., to petitioners; that he died without revoking it. That said will went into the possession of Robert Bailey, who destroyed or secreted the same. It prayed a citation to the defendants (heirs-at-law and assigns,) to show cause why the contents of said will should not be proved and established, as the last will, &c., of John Butler.

The answer of Hester Butler (the widow) stated that the will was made in the autumn of 1830, in due form, by which he gave his real estate, subject to the respondent's right of dower, to his son, William Butler, for life, and then the home farm, one hundred and seven acres, and another, sixty acres, to the grandson, John Q. A. Butler, and his heirs and assigns forever; and the other real estate, one hundred and ten acres, after the death of William, to the other grandchild, William R. Butler (the petitioner.) That he also left $400 to J. Q. A. Butler, to be invested, and paid over to him at twenty-one years; and made his son, William Butler, executor.— That the will was placed in Robert Bailey's hands, after being publicly read, and was never again seen. The grandchildren were, at the date of the will infants. William Butler died about two years ago. Respondent sold her interest in the estate to William Butler.

The depositions proved that John Butler died seventeen years ago. He made a will the fall before he died; which was duly executed in the presence of Lavinia Harris and Robert Bailey. The will was read after the testator's death; and a portion of its contents was proved. John Butler, the grandson, was to have $400, and one of the farms, and what was left to his grandmother, after her death, which was a small farm along the road; and there was left to William R. Butler, another farm. This was proved by an aged witness, from memory, after the lapse of many years, the witness having heard the will read but once; she could not remember all the will; did not know what was left to his son Wil-

liam; thought it was $10 00, to cut him off. He left to his wife the farm he lived on, for life; then to John Butler; to William R. Butler one farm, when he should be twenty-one years old; she did not know who was to have it before; John was to have another farm, when he came of age; but she could not remember the words of the gift. The will was left with Robert Bailey, and could not be proved.

*Mr. Rogers*, for appellants, cited *Kearns* vs. *Kearns' executor*, 3 *Harr. Rep.* 83.

*By the Court:*

WOOTTEN, *Judge:*—This is an appeal from the decree of the register for the probate of wills in and for New Castle county, refusing to admit to probate the last will and testament of John Butler, deceased.

It appears from the evidence that the testator died on or about the second day of January, one thousand eight hundred and thirty-one; that some time previous to his death he made and executed a will, which is alleged to be lost or destroyed, and the appellants, who claim to be damaged under the said will are seeking to establish it by parol proof as a lost or destroyed instrument.

In order to establish a last will and testament, which has been lost or destroyed, the same formalities and rules of law must be observed as are applicable to other lost or destroyed instruments; for I know of no reason founded either in the policy of the law, or any facts arising from any peculiar circumstances attending such cases, to make them exceptions to the general rules which are so well settled and established as to all other cases.

First, then, the existence of the instrument in a legal form must be proved; secondly, its loss or destruction; and thirdly, its contents. Nothing short of this will satisfy the requirements of the law which governs all cases of this sort; therefore, proving part only of the contents of a will which is lost or destroyed, is not sufficient to establish it, even as to the part so proved, unless it satisfactorily appears that there is nothing in the preceding or subsequent part of the will which would qualify, change, or in any way alter the particular devise proved; for without knowing the certainty of the will and the language used by the testator, it would be impossible to determine what estate would pass under it. The words of the particular devise, which may be attempted to be established, might

convey a fee simple; yet something might precede or follow, which would reduce it to a life estate, or subject it to some other restriction or limitation; or the words of the devise might create but a life estate; which by the preceding and subsequent part of the will might be enlarged and extended to a fee simple; and either an estate in fee simple, for life or for years, might depend entirely upon some contingencies, conditions, limitations or restrictions imposed by some subsequent part of the will.

The only safe rule to govern such cases, is that the legal existence of the will should be proved as required by the act of assembly; its less or destruction, and its contents, are at least sufficient to form the basis of a correct conclusion as to the legal import of the will, and the nature and extent of the estate convey by it; any rule less stringent would, instead of closing the avenues to fraud, throw open the door to those of a much more serious and dangerous character than could reasonably be expected to result from the loss or destruction of such instruments. Any person who may deem it necessary or important to make a will, has the power of selecting a safe depository for it, and a careful exercise of such power, which will generally be observed in reference to so important an instrument, will in most cases render its preservation and forthcoming certain. But when wills and the estates conveyed by them are made to depend upon human memory, defective as it is, particularly after the lapse of many years, the legal import and meaning which may be given to the language of the testator by the witnesses, and the many other uncertainties which would enter into such cases, that mode of disposing of property, though perhaps the most important of all others, would become the least certain.

In this case, even if the factum is conceded to be sufficiently established, and the loss or destruction of the will, the proof of its contents is by no means satisfactory; first, because the witnesses do not pretend to prove the contents of the will, nor even the language of the testator, in the particular devise which is attempted to be established.

The case cited from 3 *Harrington*, and relied upon as settling the law in this case, is essentially different on the proof. In that case a rough draft of the will was produced, which proved its entire certainty, except a bequest of a single article, which was also proved by other testimony. The court were not obliged, therefore, in that case, as they would be in this, to take the opinions of the witnesses

as to the legal import and meaning of the language used by the testator, and make them the basis of a judgment; but they had the will in verba, to which they could give their own construction, not only as to the estate created by any particular devise unaffected by any previous or subsequent part of the will, but in reference to any modification, restriction, condition, or limitation which might be imposed by such previous or subsequent part. The court, therefore, affirms the decree of the register, refusing to admit to probate the last will and testament of John Butler, deceased.

Decreed accordingly.

*Rogers*, for appellants.

*Wales*, for respondents.